UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

March 8, 2022

LETTER TO COUNSEL:

    RE:   *Patricia P. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
            Civil No. TJS-21-565

Dear Counsel:

    On March 4, 2021, Plaintiff Patricia P. petitioned this Court to review the Social Security Administration's final decision to deny her claim for disability insurance benefits ("DIB"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 15 & 18. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Acting Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

    Patricia P. filed her application for DIB on February 21, 2019, alleging a disability onset date of April 26, 2016. Tr. 12. Her application was denied initially and upon reconsideration. *Id.* Patricia P. requested an administrative hearing, and a telephonic hearing was held on September 23, 2020, before an Administrative Law Judge ("ALJ"). Tr. 31-68. In a written decision dated October 20, 2020, the ALJ found that Patricia P. was not disabled under the Social Security Act. Tr. 9-30. The Appeals Council denied Patricia P.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-6.

    The ALJ evaluated Patricia P.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. At step one, the ALJ found that Patricia P. had not engaged in substantial gainful activity from the alleged onset date of April 26, 2016, through the date last insured of September 30, 2020. Tr. 14. At step two, the ALJ found that, through the date last insured, Patricia P. suffered from the following severe impairments: systemic involvement of connective tissue, psoriatic arthritis, bilateral stenosis, degenerative disc disease of the cervical spine, neural stenosis, nerve root impingement, degenerative disc disease of the lumbar spine and thoracic spine, left carpal tunnel syndrome, and chronic pain syndrome. Tr. 14-17. At step three,

---

[1] This case was originally assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. On February 18, 2022, it was reassigned to Judge Hurson. On February 28, 2022, it was reassigned to me.

the ALJ found that, through the date last insured, Patricia P.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 17-18. The ALJ determined that Patricia P. retained the residual functional capacity ("RFC")

> to perform less than the full range of light work as defined in 20 CFR 404.1567(b). She can never climb ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; never be exposed to vibrations and hazards such as dangerous moving machinery and unprotected heights, and frequent handling and fingering bilaterally.

Tr. 18-19.

At step four, the ALJ determined that, through the date last insured, Patricia P. could perform past relevant work as a customer service representative and receptionist. Tr. 24-25. In the alternative, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined at step five that there were jobs that existed in significant numbers in the national economy that Patricia P. could have performed, including companion, information clerk, appointment clerk, and scheduler. Tr. 25-26. Accordingly, the ALJ found that Patricia P. was not disabled under the Social Security Act from April 26, 2016, through September 30, 2020. Tr. 26.

Patricia P. argues that this case must be remanded for further proceedings because (1) the ALJ did not perform a function-by-function assessment of her work-related abilities; (2) the ALJ did not provide a narrative discussion that explained how the evidence supported the ALJ's conclusions; (3) the ALJ did not evaluate properly the combination of her impairments; and (4) the ALJ did not properly evaluate her subjective complaints. ECF No. 15-1 at 6-21. For the reasons discussed below, however, these arguments are unavailing.

Patricia P. first argues that the ALJ failed to provide a narrative discussion stating how the evidence of record supported each conclusion and that the ALJ failed to perform a function-by-function assessment of her work-related abilities. ECF No. 15-1 at 6-12. Every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by a narrative discussion describing the evidence that supports it. *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). An ALJ must consider all of a claimant's "physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (alteration in original) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). In doing so, the ALJ must provide "a narrative discussion describing how the evidence supports each conclusion." SSR 96-8P, 1996 WL 374184, at *7 (July 2, 1996). Once the ALJ has completed this function-by-function analysis, the ALJ can make a finding as to the claimant's RFC. *Id.*; *Thomas*, 916 F.3d at 311 ("Thus, a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion.").

The ALJ's decision contains a detailed discussion of the evidence of record, including Patricia P.'s subjective reports of her condition over time, her reported daily activities, treatment

notes containing observations of her condition over time, and medical opinions. Tr. 15-24. In addition to summarizing the evidence and explaining the weight that the ALJ assigned to it, the ALJ also explained how the evidence translated into the ALJ's RFC determination. Tr. 22-24. Contrary to Patricia P.'s argument, the ALJ's explanation is sufficient for this Court to conduct its review. Because the ALJ explained how she weighed and considered the evidence, and because substantial evidence supports the ALJ's findings, Patricia P.'s argument on this point is without merit.

Further, in assessing RFC, the ALJ must discuss a claimant's "ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule)" and must "describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record." SSR 96-8p, 1996 WL 374184, at *7. In connection with the ALJ's detailed discussion of the evidence, and after citing the relevant regulations and policy interpretation ruling (Tr. 14), the ALJ determined the work activities that Patricia P. can perform on a full-time basis. Substantial evidence thus supports the ALJ's RFC determination.

Patricia P. next contends that the ALJ failed to evaluate properly the combination of her impairments. ECF No. 15-1 at 12-14. ALJs need not mention every piece of evidence, however, so long as they build a logical bridge from the evidence to their conclusions. *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014). Moreover, "[t]he Commissioner, through the ALJ and Appeals Council, stated that the whole record was considered, and, absent evidence to the contrary, we take her at her word." *Id.* And the ALJ concluded that, through the date last insured, Patricia P. did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments (Tr. 17-18). "It is thus readily apparent that the Commissioner specifically contemplated the combinatorial effects of [Patricia P.'s] various impairments and, in doing so, more than satisfied the statutory requirements . . . ." *Id.* at 866. Patricia P.'s argument is thus without merit.

Patricia P. finally argues that the ALJ did not properly evaluate her subjective complaints. ECF No. 15-1 at 14-21. In determining a claimant's RFC, the ALJ must evaluate the claimant's subjective symptoms using a two-part test. *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017); 20 C.F.R. §§ 404.1529(a), 416.929(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the alleged symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. *Id.* §§ 404.1529(c), 416.929(c). At this second stage, the ALJ must consider all available evidence, including medical history, objective medical evidence, and statements by the claimant. *Id.* To evaluate a claimant's statements, ALJs must "consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." SSR 16-3p, 2016 WL 1119029, at *2 (Mar. 16, 2016). "ALJs may not rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia or some other disease that does not produce such evidence." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 97 (4th Cir. 2020). In other cases, the ALJ may consider that objective evidence, or lack thereof,

in conjunction with other evidence. 20 C.F.R. §§ 404.1529(c), 416.929(c). In any case, the ALJ may not rely solely on the lack of objective medical evidence to discredit a claimant's subjective statements. *Id.* Claimants are entitled to rely exclusively on subjective evidence to prove the degree to which their symptoms affect their ability to work at the second step of the analysis. *Arakas*, 983 F.3d at 95-97.

The ALJ's written decision presents a detailed statement of Patricia P.'s subjective complaints. The ALJ first found that Patricia P.'s medically determinable impairments could reasonably be expected to cause her alleged symptoms. Tr. 20. The ALJ then proceeded to consider Patricia P.'s allegations in concert with the other evidence in the record, including Patricia P.'s statements about her symptoms over time, the extent of her daily activities, the opinion evidence, and the objective evidence in the record. Tr. 15-24. In considering the totality of the evidence, the ALJ explained her finding that Patricia P.'s statements about the severity of her symptoms could not be completely reconciled with other persuasive evidence. *Id.* Weighing all of the evidence, the ALJ found that Patricia P.'s impairments are not disabling and that she can perform work with the limitations contained in the RFC.

"Where the ALJ did consider [Patricia P.'s] full treatment history, as is clear here, it is not proper on appeal for the Court to reweigh such evidence." *Carollyn S. v. Kijakazi*, Civil Action No. ADC-20-2552, 2021 WL 4170431, at *9 (D. Md. Sept. 14, 2021). "Had the ALJ relied exclusively on a lack of objective evidence, the analysis would be flawed. Here, however, the ALJ considered the inconsistency of [Patricia P.'s] alleged symptoms with objective evidence as just one component of the assessment." *Jai P. v. Saul*, Civil No. TJS-19-3371, 2021 WL 424469, at *2 (D. Md. Feb. 8, 2021) (citation omitted). "Because the ALJ did not rely exclusively on objective evidence in assessing the severity of [Patricia P.'s] symptoms, this argument is without merit." *Id.* Substantial evidence supports the ALJ's evaluation of Patricia P.'s subjective complaints.

Patricia P.'s disagreement with the ALJ's consideration of the evidence essentially amounts to an argument that the Court should evaluate the evidence in the record de novo. But the Court's review is confined to whether substantial evidence supports the ALJ's decision and whether the correct legal standards were applied. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The Court is not permitted to reweigh the evidence, even if the Court believes the ALJ could have reached a different conclusion. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The ALJ's decision complies with the governing legal standards and is supported by substantial evidence. The Court thus affirms the Acting Commissioner's final decision.

For the reasons set forth above, Patricia P.'s Motion for Summary Judgment (ECF No. 15) will be **DENIED**, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 18) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge